By the CoueT :
By the constitution of this state all legislative power is vested in the general assembly. Sec. Í, *588 art. 2. The power to detach territory from a municipal corporation is in its nature legislative rather than executive or judicial, and unless forbidden by the constitution it may be exercised by the general assembly. That provision of the constitution which forbids the general assembly to confer by special legislation corporate power does not apply, for the legislature in simply detaching territory from a municipal corporation does not confer corporate power; the subject of the act is local, and, although there may be a general law providing a method by which territory within a municipal corporation may be detached from it and added to an adjoining township, yet it may be done by a special act of the legislature, without infringing section 26 of article 2 of the constitution, which provides for the uniform operation of all general laws. State ex rel. Attorney General v. Shearer, 46 Ohio St., 275. Nor has the act any retrospective operation. The territory continued to be a part of the municipality from the time of its annexation until the detaching act went into effect, which was from its passage. Neither does it impair the obligations of any contract entered into by the city of Findlay, for, from aught that the record discloses, that municipality is, notwithstanding this loss of territory, amply able to meet all of its outstanding obligations. No other grounds of its unconstitutionality than the foregoing are-suggested in argument, and we discover none ourselves.

Judgment Reversed and petition dismissed.